Opinion by EKWALL, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52604.**—Raphael Weill & Co. *v.* United States, protest 131783–K (San Francisco).

Opinion by EKWALL, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52605.**—Raphael Weill & Co. *v.* United States, protest 131793–K (San Francisco).

Opinion by EKWALL, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52606.**—Arthur J. Fritz & Co. *v.* United States, protest 132459–K (San Francisco).

Opinion by EKWALL, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52607.**—Walker Services *v.* United States, protest 131989–K (Boston).

Opinion by EKWALL, J. At the trial the record in Abstract 47184 was incorporated herein. The evidence in the instant case disclosed that the lime juice here involved is the same in all material respects as that in the incorporated case, with the exception that the percentage of the volatile oils here is less. Under authority of that decision the claim of the plaintiff was sustained.

**No. 52608.**—E. F. Darrell & Company *v.* United States, protests 135141K (A) and 135141–K (B) (New York).

Opinion by JOHNSON, J. From an examination of the papers the court was unable to find evidence sufficient to overcome the action of the collector which was presumptively correct. The protest was therefore overruled.

**No. 52609.**—L. W. Moritz Co. *v.* United States, protest 135259–K (New York).

Opinion by JOHNSON, J. Counsel for the Government moved to dismiss upon the ground that the protest was not filed within the time prescribed by law, in compliance with section 514, Tariff Act of 1930. The motion to dismiss was therefore granted.

BEFORE THE FIRST DIVISION, OCTOBER 13, 1948

**No. 52610.**—Sandoz Chemical Works, Inc. *v.* United States, protest 132531–K (New York).